UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HUI ZHANG,<br><br>Defendant | Criminal No.    24-cr-10013<br><br>Violation:<br><br><u>Count One</u>: Bank Fraud<br>(18 U.S.C. § 1344)<br><br><u>Forfeiture Allegation</u>:<br>(18 U.S.C. § 982(a)(2)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1. The defendant, HUI ZHANG ("ZHANG"), resided in Quincy, Massachusetts.

2. The "Victim Company" was a family business located in Boston, Massachusetts.

3. "Individual 1" was a resident of Quincy, Massachusetts.

4. "Individual 2" was a resident of Boston, Massachusetts.

5. First Republic Bank was a financial institution within the meaning of Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

Overview of the Scheme to Defraud

6. From in or about June 2020 through in or about September 2023, ZHANG engaged in a scheme to defraud First Republic Bank, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of First Republic Bank, by

depositing counterfeit checks written on a First Republic Bank account into bank accounts opened in the names of Individual 1 and Individual 2, and by then withdrawing cash from these accounts.

### Object and Purpose of the Scheme to Defraud

7. The object of the scheme to defraud was to obtain money by depositing counterfeit checks into accounts that ZHANG controlled. The principal purpose of the scheme to defraud was to obtain money for the benefit of ZHANG and others.

### Manner and Means of the Scheme to Defraud

8. Among the manner and means by which ZHANG carried out the scheme to defraud were the following:

   a. Opening bank accounts in the names of Individual 1 and Individual 2;

   b. Depositing counterfeit checks written on the Victim Company's at First Republic Bank account into these accounts; and

   c. Withdrawing cash derived from the counterfeit checks from these accounts.

9. In this fashion, ZHANG misappropriated approximately $1,035,350.

### Acts in Furtherance of the Scheme to Defraud

10. From in or about March 2020 through in or about September 2023, ZHANG committed and caused to be committed the following acts, among others, in furtherance of the scheme:

   a. On or about June 5, 2020, a checking account was opened at PNC Bank under the name of Individual 1.

b.	On or about September 27, 2021, a counterfeit check that purported to be written on the Victim Company's account with First Republic Bank was mobile deposited into the PNC Bank checking account in the name of Individual 1.

c.	On or about October 3, 2021, ZHANG withdrew cash from the PNC Bank checking account in the name of Individual 1 at an ATM in Boston, Massachusetts.

d.	On or about October 11, 2021, a counterfeit check that purported to be written on the Victim Company's account with First Republic Bank was mobile deposited into the PNC Bank checking account in the name of Individual 1.

e.	On or about October 14, 2021, ZHANG withdrew cash from the PNC Bank checking account in the name of Individual 1 at an ATM in Boston, Massachusetts.

f.	On or about March 26, 2022, a counterfeit check that purported to be written on the Victim Company's account with First Republic Bank was mobile deposited into the PNC Bank checking account in the name of Individual 1.

g.	 On or about April 3, 2022, ZHANG withdrew cash from the PNC Bank checking account in the name of Individual 1 at an ATM in Boston, Massachusetts.

h.	On or about May 17, 2022, a counterfeit check that purported to be written on the Victim Company's account with First Republic Bank was mobile deposited into the PNC Bank checking account in the name of Individual 1.

i.	On or about March 31, 2020, a checking account was opened at Ally Bank under the name of Individual 2.

j. On or about June 2, 2020, a counterfeit check that purported to be written on the Victim Company's account with First Republic Bank was mobile deposited into an Ally Bank checking account in the name of Individual 2.

k. On or about May 6, 2022, a counterfeit check that purported to be written on the Victim Company's account with First Republic Bank was mobile deposited into an Ally Bank checking account in the name of Individual 2.

l. On or about September 7, 2023, ZHANG possessed counterfeit checks that purported to be written on the Victim Company's account with First Republic Bank at his residence in Quincy, Massachusetts.

<u>COUNT ONE</u>
Bank Fraud
(18 U.S.C. § 1344)

The United States Attorney alleges:

11. The United States re-alleges and incorporates by reference paragraphs 1 through 10 of this Information.

12. From in or about March 2020 through in or about September 2023, in the District of Massachusetts and elsewhere, the defendant,

HUI ZHANG,

did knowingly execute, and attempt to execute, a scheme and artifice to defraud First Republic Bank, a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by and under its custody and control, by means of materially false and fraudulent pretenses, representations, and promises.

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION
## (18 U.S.C. § 982(a)(2)(A)))

The United States Attorney further alleges:

13. Upon conviction of the offense in violation of Title 18, United States Code, Section 1344, set forth in Count One, the defendant,

HUI ZHANG,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offense.  The property to be forfeited includes, but is not limited to, the following assets:

   a. $1,035,350, to be entered in the form of a forfeiture money judgment.

14. If any of the property described in Paragraph 13, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 13 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

JOSHUA S. LEVY
ACTING UNITED STATES ATTORNEY

By:  /s/  William F. Abely
WILLIAM F. ABELY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

DATE:  January 17, 2024